UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEWIS MARTIN,<br><br>                                  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and<br>AVIATION SAFETY INSPECTOR<br>WAYNE LANER,<br><br>                                  Defendants. | Case No.: 15-CV-278 JLS (DHB)<br><br>**ORDER: (1) GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS, AND<br>(2) DISMISSING WITH PREJUDICE<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT**<br><br>(ECF No. 17) |

Presently before the Court is Defendants the United States of America and Wayne Laner's Motion to Dismiss.  (MTD, ECF No. 17.)  Also before the Court are Plaintiff Ronald Lewis Martin's Opposition to (ECF No. 19) and the Defendants' Reply in Support of (ECF No. 20) the MTD.  The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (ECF No. 21.) Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' MTD (ECF No. 17) and **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint (FAC, ECF No. 16).

## BACKGROUND

Plaintiff is an air carrier pilot with over thirty years of piloting experience.  (FAC ¶ 16, ECF No. 16.)  In 2006, Plaintiff was the Chief Pilot for Air Charter Express, Inc.  (*Id.*

at ¶ 18.)  While employed by Air Charter Express, Inc., Plaintiff had several confrontations with Defendant Wayne Laner, the Federal Aviation Administration's (FAA) Principal Operations Inspector for Air Charter Express, Inc.  (*Id.* at ¶¶ 18–19.)  Although Plaintiff prevailed on the merits of these confrontations, Plaintiff resigned from Air Charter Express, Inc. to avoid further confrontations with Defendant Laner.  (*Id.* at ¶ 19.)

In January 2007, Plaintiff began piloting for an FAA-certified air ambulance carrier, Critical Air Medicine, Inc., based in San Antonio, Texas.  (*Id.* at ¶ 20.)  Later that year, Plaintiff became San Diego Lead Pilot, earning over $68,000 per year.  (*Id.*)  When Critical Air Medicine, Inc. transferred its FAA Operating Certificate from San Antonio, Texas to San Diego, California in early 2008, Defendant Laner was assigned as its FAA Principal Operations Inspector.  (*Id.* at ¶ 21.)

In February 2008, Defendant Laner flight-tested Critical Air Medicine, Inc.'s Chief Pilot Bobby Wilson to determine his competence as a flight instructor.  (*Id.* at ¶ 22.)  Mr. Wilson played the role of flight instructor, while Plaintiff acted as his student.  (*Id.* at ¶ 23.)  Plaintiff's decisions and actions during this check ride did not meet Defendant Laner's expectations, and Defendant Laner proceeded to prepare a failure report for Plaintiff at the conclusion of the ride.  (*Id.* at ¶¶ 24–25.)  Plaintiff protested, noting that he was not acting as pilot-in-command and was not being "checked" by Defendant Laner.  (*Id.* at ¶ 26.)  Consequently, Defendant Laner did not issue a failure notice to Plaintiff, although he did discuss the check ride with Raymond Barrera, the General Manager of Critical Air Medicine, Inc.  (*Id.* at ¶¶ 27–28.)

Following the check ride and without explanation, Plaintiff was removed from flight status by Critical Air Medicine, Inc. and assigned menial tasks within the company.  (*Id.* at ¶ 29.)  As a part-time employee and general laborer, Plaintiff now earns twelve dollars per hour, or approximately $24,000 per year.  (*Id.* at ¶ 32.)

On February 15, 2012, Plaintiff requested a meeting with Defendant Laner.  (*Id.* at ¶ 53.)  At the meeting, Defendant "LANER became agitated and ejected [Plaintiff] from LANER's office."  (*Id.* at ¶ 53 (emphasis in original).)  Defendant Laner then "caused to

be placed in [Plaintiff]'s FAA Program Tracking and Reporting System (PTRS) file[] a three-page letter" concerning the incident.  (*Id.* at ¶ 54.)

In May 2014, a pilot friend of Plaintiff informed Plaintiff that Defendant Laner had told a third party that Defendant Laner "had put a letter in [Plaintiff]'s FAA file that assured [Plaintiff] would never again fly for an air carrier."  (*Id.* at ¶ 34 (internal quotation marks omitted).)  Mr. Barrera confirmed that Defendant Laner made that statement, and Plaintiff since has obtained through a Freedom of Information Act request a copy of the letter Defendant Laner placed in Plaintiff's FAA PTRS file.  (*Id.* at ¶¶ 35–36.)

On September 12, 2014, Plaintiff filed an administrative claim with the FAA, which complained of Defendant Laner's "causing written libelous statements to be entered into [Plaintiff]'s [PTRS] 'file.'"  (*Id.* at ¶ 7; *see also* FAC Ex. C, ECF No. 16 at 33.[1])  The FAA denied Plaintiff's claim on October 30, 2014.  (FAC ¶ 7, ECF No. 16; *see also* FAC Ex. C, ECF No. 16 at 35.)

On February 10, 2015, Plaintiff filed an initial complaint.  (ECF No. 1.)  The Court dismissed Plaintiff's cause of action for denial of due process against Defendant United States and dismissed Plaintiff's cause of action for negligence per se in its entirety.  (ECF No. 13.)  Plaintiff filed his FAC on December 17, 2015 (ECF No. 16), and Defendants filed the instant MTD on January 19, 2016 (ECF No. 17).

/ / /

/ / /

/ / /

---

[1] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.  The Court may properly consider the exhibits attached to Plaintiff's FAC in evaluating Defendants' MTD.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials[, including] documents attached to the complaint, . . . without converting the motion to dismiss into a motion for summary judgment.") (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 1999)); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.") (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

# LEGAL STANDARD

## I.    Dismissal Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *Id.* (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990)).

Motions for dismissal under Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction facially or factually. *Safe Air*, 373 F.3d at 1039. A facial attack is one in which "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where the defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may make factual determinations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes." *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). When making such a ruling, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage*, 343 F.3d at 1039 n.2 (citing *White*, 227 F.3d at 1242).

## II.     Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 555 (alteration in original).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).   "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint.  *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).  This review requires "context-specific" analysis involving the Court's "judicial experience and common sense."  *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Plaintiff's FAC alleges two causes of action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680: abuse of process and negligence per se.  (*See generally* FAC ¶¶ 37–69, ECF No. 16.)  In addition to arguing that Plaintiff's FAC is procedurally improper pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendants move to dismiss both causes of action under Rule 12(b)(1) and Plaintiff's first cause of action for abuse of process under Rule 12(b)(6).  (*See generally* MTD Mem., ECF No. 17-1.)  "Plaintiff admits that the claim against [Defendant] LANER and against the DOE defendants should be dismissed, and the United States should be the only defendant in this matter." (Opp'n 2, ECF No. 19 (emphasis in original).)  The Court therefore **DISMISSES** Plaintiff's claims against Defendant Laner and analyzes Defendants' grounds for dismissal with respect only to Defendant United States.

## I.   Procedural Propriety of the FAC Under Rule 15(a)(2) and Local Rule 15.1(c)

Defendants first argue that Plaintiff's FAC should be dismissed for failure to obtain Defendants' written consent or this Court's leave under Rule 15(a)(2) and for failure to file a red-lined version of the FAC as required by Civil Local Rule 15.1(c).  (MTD Mem. 14, ECF No. 17-1.)  Plaintiff explains that he "presumed that Defendant[s'] joining in th[e] Motion [to extend Defendants' time to respond to the FAC] was evidence of their agreement [to Plaintiff's filing his FAC], as was the Court's granting of Leave to Amend that Complaint." (Opp'n 2, ECF No. 19.)

Although it is true that—strictly speaking—Plaintiff's FAC is procedurally improper, the Court will review Plaintiff's FAC on the merits in light of the liberal policy favoring amendment.  *See, e.g.*, *Vogelsang v. Zine*, No. 2:09-CV-02885, 2010 WL

2737190, at *8 n.7 (E.D. Cal. July 12, 2010) (reviewing complaint on the merits despite plaintiff's failure to seek leave to amend or to attach a proposed amended complaint as required under the local rules); *High Tech Burrito Corp. v. Amresco Commercial Fin. LLC*, No. C 06-4341 SI, 2006 WL 2846737, at *3 (N.D. Cal. Sept. 29, 2006) (granting leave to amend despite plaintiff's failure to submit a proposed amended complaint).

## II.     Subject-Matter Jurisdiction Under Rule 12(b)(1)

Defendants argue that Plaintiff's causes of action against the United States must be dismissed because Plaintiff has failed to show a waiver of the United States' sovereign immunity.  (MTD Mem. 18–21, 22–25, ECF No. 4-1.)  "[T]he doctrine of sovereign immunity . . . 'is an important limitation on the subject matter jurisdiction of federal courts.'"  *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087 (9th Cir. 2007) (quoting *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)).  As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued."  *Dunn & Black,* 492 F.3d at 1087–88 (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)).  Plaintiff bears the burden of showing that the United States has waived its sovereign immunity.  *Cato v. United States,* 70 F.3d 1103, 1107 (9th Cir. 1995) (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987)).

The FTCA "waived the sovereign immunity of the United States for certain torts committed by federal employees."  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475–76 (1994) (citing 28 U.S.C. § 1346(b)).  Under the FTCA, a court has jurisdiction to hear any claim

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

/ / /

*Id.* at 477 (quoting 28 U.S.C. § 1346(b)) (alterations in original).  The FTCA expressly excludes, however, "[a]ny claims arising out of . . . abuse of process[ and] libel . . . ." 28 U.S.C. § 2680(h).  An abuse of process claim—but not a libel claim—is allowable, however, to the extent it arises from "acts or omissions of investigative or law enforcement officers of the United States Government."  *Id.*  "For the purposes of this subsection, 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

### A.      First Cause of Action: Abuse of Process

Defendants argue that Plaintiff's first cause of action for abuse of process is expressly disallowed by 28 U.S.C. § 2680(h) of the FTCA.  (*See* MTD Mem. 18, ECF No. 17-1.)  Moreover, although Plaintiff alleges that Defendant Laner is "empowered under 49 U.S.C. 44709 to execute searches and seize evidence for the purposes of actions to suspend or revoke . . . certificates, usually in the event of non-compliance with federal aviation safety regulations (Title 14 CFR)" (FAC ¶ 15, ECF No. 16), 49 U.S.C. § 44709 "does not authorize FAA aviation safety inspectors to execute searches or to seize evidence (or to make arrests) for 'violations of Federal law'" (MTD Mem. 18–19, ECF No. 17-1).  Consequently, Plaintiff "fail[s] to meet his burden of showing an unequivocal waiver of sovereign immunity, particularly with respect to the 'investigative or law enforcement officer' exception to the FTCA's bar on abuse of process claims." (*Id.* at 20.)

Plaintiff counters that Defendant Laner's actions constitute "an 'Abuse of Process' under the FTCA, because the Federal Aviation Administration's well-established 'Due Process' before suspending or revoking an Airman's or Air Operator's certificate, upon which [Plaintiff's] livelihood depends, was neither invoked nor followed." (Opp'n 4, ECF No. 19.)  He argues that Defendant Laner, "in the capacity of Aviation Safety Inspector, . . . was empowered to conduct investigations; search aircraft, search premises, or personal property; seize evidence; and report the results of those investigations to the FAA's Regional Counsel for enforcement through legal action." (*Id.* at 5 (citing FAA Order

2150.3B).)    Consequently, "FAA Aviation Safety Inspectors meet the definition of 'investigative or law enforcement officer' under 28 U.S. Code, Section 1346, the Federal Tort Claims Act." (*Id.* at 6.)

The Court concludes that it lacks subject-matter jurisdiction over Plaintiff's first cause of action because Plaintiff has not established unequivocally that Defendant Laner was an "investigative or law enforcement officer" under 28 U.S.C. § 2680(h).   As mentioned previously, "[f]or the purposes of [Section 2680(h)], 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).   "The court is permitted to review allegations of the complaint and evidence regarding the job duties and job descriptions of the federal employees in question to determine if they are 'investigative or law enforcement officer[s]' under section 2680(h)." *Lorsch v. United States*, No. CV 14-2202 AJW, 2015 WL 6673464, at *8 (C.D. Cal. Oct. 29, 2015) (collecting cases).

Plaintiff summarily alleges that Defendant Laner was "empowered under 49 U.S.C. 44709 to execute searches and seize evidence for the purposes of actions to suspend or revoke [airman's] certificates, usually in the event of non-compliance with federal aviation safety regulations (Title 14 CFR)."  (FAC ¶ 15, ECF No. 16.)   That provision does authorize certain FAA employees to conduct investigations: "The Administrator may issue an order amending, modifying, suspending, or revoking . . . any part of a certificate issued under this chapter if . . . the Administrator decides after conducting a reinspection, reexamination, or other investigation that safety in air commerce of air transportation and the public interest require that action."  49 U.S.C. § 44709(b)(1)(A).  That provision does not, however, explicitly authorize FAA employees generally—or aviation safety inspectors in particular—"to execute searches, to seize evidence, or to make arrests," as required under Section 2680(h).

In his Opposition, Plaintiff also points to FAA Order 2150.3B. (*See, e.g.*, Opp'n 5–6, ECF No. 19; *see also* Opp'n Ex. C, ECF No. 19 at 9–21.)  A marking in the margin—

whether or not intentional—appears to direct the Court to the following passage:

> Field offices conduct surveillance inspections of persons, aircraft, manufacturers of aircraft and parts, or operations to determine compliance with statutory and regulatory requirements and issues related to qualifications of persons or aircraft certified or approved by the FAA.   Field office enforcement personnel investigate, coordinate, and report violations of all statutory and regulatory requirements that are discovered within the geographical area for their office and for which they have enforcement responsibility.

(Opp'n Ex. C, ECF No. 19 at 12.)   There is also a lengthy section on the role of FAA investigative personnel in enforcement investigations:

> FAA investigative personnel's role in an investigation is to gather *all* material, relevant evidence that either proves or disproves the potential violation that precipitated the investigation. . . .   If the evidence is sufficient to support a violation, FAA investigative personnel recommend . . . action, as appropriate, in accordance with the policy and guidance of this order.

(*Id.* at 13 (emphasis in original).)   Finally, with respect to constitutional protections for inspections or investigations on private property, the order provides that FAA investigative personnel are subject to the Fourth Amendment:

> Although administrative inspections and investigations are not criminal in nature, administrative inspections and investigations conducted on private property are subject to the constitutional limitations of the Fourth Amendment . . . .   When an owner of private property refuses consent to an administrative inspection or investigation, FAA investigative personnel must first obtain a warrant from judicial authority, unless the [open fields] exception . . . applies.

(*Id.* at 15.)   Plaintiff does not make clear to what extent these provisions apply to Defendant Laner, but the plain language of FAA Order 2150.3B could plausibly place Defendant Laner within the investigative or law enforcement officer exception of Section 2680(h).

/ / /

The legal precedents cited by Plaintiff, however, are not persuasive.  As Defendants note (*see, e.g.*, Reply 5–7 & n.1, ECF No. 20), in *Millbrook v. United States*, 133 S. Ct. 1441 (2013), the issue was not whether the Bureau of Prisons employees were investigative or law enforcement officers.  Indeed, the government in that case conceded as much.  *Id.* at 1445 n.3.  In this case, by contrast, the question is contested and the law is not definitive: no court within this Circuit has determined whether FAA safety inspectors are subject to the investigative or law enforcement officer exception under Section 2680(h).  The Court finds persuasive, however, Defendants' case *Sottile v. United States*, 608 F. Supp. 1040 (D.D.C. 1985), in which the United States District Court for the District of Columbia noted in dicta that, "[o]n a preliminary inquiry, the Court finds nothing in the Federal Aviation Act, 49 U.S.C. § 1301 *et seq.*, which would support an assertion that FAA investigators have the authority to execute searches, seize evidence, or make arrests for federal law violations." *Id.* at 1042 (citing 49 U.S.C. §§ 1482(b), 1484; *Equal Emp't Opportunity Comm'n v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1007–08 (5th Cir. 1980), *cert. denied*, 450 U.S. 917 (1981); *United States v. Rubin*, 573 F.Supp. 1123, 1124–25 (D. Colo. 1983)).  The Court is also persuaded by *Matsko v. United States*, 372 F.3d 556 (3d Cir. 2004), in which the Third Circuit held that "employees of administrative agencies, no matter what investigative conduct they are involved in, do not come within the § 2680(h) exception." *Id.* at 560 (citing *First Nat'l Bank of Jackson*, 614 F.2d at 1007–08).  These authorities would tend to suggest that Defendant Laner—as an FAA investigator and employee of an administrative agency—does not fall within the Section 2680(h) investigative or law enforcement officer exception.

Because Plaintiff does not cite any binding or persuasive authority to the contrary, he has not established an unequivocal waiver of sovereign immunity.  "[T]o the extent that there is uncertainty about whether Congress intended to encompass [FAA safety inspectors] within the 'law enforcement' proviso, the uncertainty must be resolved against the waiver of sovereign immunity." *Hernandez v. United States*, 34 F. Supp. 3d 1168, 1181 (D. Colo. 2014) (citing *Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir.

2005)); *see also Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998) ("The plaintiff in a lawsuit against the United States must point to an unequivocal waiver of sovereign immunity.") (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)).  Accordingly, the Court **DISMISSES** Plaintiff's first cause of action for lack of subject-matter jurisdiction.[2]

## B.     Second Cause of Action: Negligence Per Se

Defendants contend that Plaintiff's second cause of action for negligence per se must also be dismissed for lack of subject-matter jurisdiction because "in truth this is a libel claim, not negligence" (MTD Mem. 23, ECF No. 17-1), and "the FTCA expressly excludes claims for libel and slander from its waiver of the United States' sovereign immunity" (*id.* at 24 (citing 28 U.S.C. § 2680(h)).)

As Defendants note (*see* Reply 3, 11, ECF No. 20), Plaintiff fails to oppose this argument (*see generally* Opp'n, ECF No. 19).  Under Ninth Circuit precedent, the Court

---

[2] Even if the Court were to conclude that Defendant Laner fell within the investigative or law enforcement officer proviso, Plaintiff still would face the discretionary functions exception, which neither of the parties addresses in their briefing.  "The discretionary function exception provides the government with immunity from suit for '[a]ny claim . . . based upon the exercise or performance of the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused.'"  *Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1026 (C.D. Cal. 2010) (quoting 28 U.S.C. § 2680(a)), *aff'd*, 709 F.3d 749 (9th Cir. 2013).  "[C]ourts have repeatedly held in other contexts that the conduct of regulatory investigations are immune from FTCA liability unless there are mandatory directives that limit the investigators' discretion to determine both the scope and the manner of the investigation."  *Id.* at 1039 (collecting cases).  FAA Order 2150.3B, upon which Plaintiff relies (*see* Opp'n 5–6, ECF No. 19), illustrates the broad investigative discretion conferred upon FAA investigative personnel:

> Under Title 49 U.S.C. § 44709, the Administrator may reinspect at any time a civil aircraft, aircraft engine, propeller, appliance, air navigation facility, or air agency, or reexamine any airman holding a certificate issued under 49 U.S.C. § 44703.  The Administrator also has broad authority under 49 U.S.C. § 40113 to conduct investigations necessary to carry out his or her duties and powers under the statute.

(Opp'n Ex. C, ECF No. 19 at 15.)  Despite Plaintiff's conclusory argument that Defendant Laner's actions were "not a 'discretionary' function" (Opp'n 4, ECF No. 19), it is likely that the discretionary function exception would provide an alternative basis for dismissal for lack of subject-matter jurisdiction of Plaintiff's first cause of action.

may therefore dismiss Plaintiff's negligence per se cause of action as abandoned. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (dismissing causes of action as abandoned where plaintiff did not oppose dismissal in her opposition); *Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-299 BEN (WVG), 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate."). Nevertheless, the Court addresses Defendants' arguments on the merits and concludes that it lacks subject-matter jurisdiction.

As noted above, the FTCA expressly excludes from its waiver of sovereign immunity "[a]ny claims arising out of . . . abuse of process[ and] libel . . . ." 28 U.S.C. § 2680(h). The "investigative or law enforcement officer" exception does not apply to libel claims. *Id.* "Libel is defined under California law as 'a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency [t]o injure him in his occupation.'" *Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 985 (9th Cir. 2002) (quoting Cal. Civ. Code § 45). "This circuit looks beyond the labels used to determine whether a proposed claim is barred." *Thomas-Lazear v. Fed. Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988) (citing *Alexander v. United States*, 787 F.2d 1349, 1350–51 (9th Cir. 1986); *Leaf v. United States*, 661 F.2d 740, 742 (9th Cir .1981), *cert. denied*, 456 U.S. 960 (1982)).

As Defendant notes (*see* MTD Mem. 25, ECF No. 17-1), Plaintiff himself originally characterized his claim as one for libel:

> On February 15, 2012, FAA Flight Standards Inspector, Wayne Laner, without giving Notice, or Opportunity to be Heard, caused written libelous statements to be entered into Mr. Martin's "file" in the FAA's National Program Tracking and Reporting System. False and Libelous statements in that record caused Martin to lose current employment, and to lose opportunity for future employment, as air carrier pilot.

(*See* FAC Ex. C, ECF No. 16 at 33.)  Although Plaintiff now labels this cause of action

negligence per se (*see* FAC ¶¶ 65–69, ECF No. 16), he still alleges the same basic facts:

> On February 15, 2012, contravening the Fifth Amendment requirement for Due Process Of Law, and the requirement of 49 U.S.C. Section 44709(c) for Notice and an Opportunity to be heard; [Defendant] LANER inserted the aforementioned letter in [Plaintiff]'s FAA PTRS file, thereby assuring that in the event any aviation employer inquired of [Plaintiff]'s background, that record would be retrieved, and [Plaintiff] would enjoy no chance of employment.

(FAC ¶ 67, ECF No. 16 (emphasis in original).)  Plaintiff now adds that "[i]f the FAA had not negligently failed to prevent the insertion, or to remove the offensive material from [Plaintiff]'s PTRS file, [Plaintiff]'s loss of employability, and consequent damages as alleged[,] would not have occurred." (*Id.* at ¶ 68.)  However, "[Defendant Laner]'s actions that constitute a claim for slander are essential to [Plaintiff]'s claim for negligen[ce per se]." *Thomas-Lazear*, 851 F.2d at 1207.  Because the FTCA does not waive sovereign immunity for libel claims, *see* 28 U.S.C. § 2680(h), the Court **DISMISSES** Plaintiff's second cause of action for negligence per se for lack of subject-matter jurisdiction.

## III.   Failure to State a Claim Under Rule 12(b)(6)

Defendants additionally argue that Plaintiff's abuse of process cause of action must be dismissed for failure to state a claim under Rule 12(b)(6). (*See* MTD Mem. 21–22, ECF No. 17-1.)  Specifically, Defendants note that Plaintiff's "FAC is utterly bereft of any allegation that there was a judicial proceeding involved," as is required for an abuse of process claim under California law. (*Id.* at 22.)  Defendants additionally contend that, to the extent Plaintiff's first cause of action is a constitutional due process claim arising under 49 U.S.C. § 44709(c), "this U.S. Code section . . . is wholly inapplicable to his case" because Plaintiff fails to "allege that the FAA amended, modified, suspended, or revoked his airman's certificate, or even that it instituted administrative proceedings to do so – so, by its terms, this statute is not even triggered." (MTD Mem. 26–27, ECF No. 17-1.)

Again, Plaintiff fails to oppose these arguments (*see* Reply 3, 4, 11, ECF No. 20; *see also* Opp'n, ECF No. 19), entitling the Court to dismiss Plaintiff's abuse of process cause

of action as abandoned.  *See, e.g.*, *Jenkins*, 398 F.3d at 1095 n.4.  The Court will, however, address Plaintiff's allegations on the merits.

"The FTCA specifies that the liability of the United States is to be determined 'in accordance with the law of the place where the [allegedly tortious] act or omission occurred.'"  *Rhoden v. United States*, 55 F.3d 428, 430 (9th Cir. 1995) (per curiam) (quoting 28 U.S.C. § 1346(b)) (alteration in original).  California law therefore governs the United States' liability in Plaintiff's FTCA claim.  *See Gasho v. United States*, 39 F.3d 1420, 1427 (9th Cir. 1994) ("Liability is determined by the tort law of the state where the claim arose.").  "[U]nder well-established California law, the tort of abuse of process 'requires misuse of a *judicial* process.'"  *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1037 (9th Cir. 2008) (quoting *Stolz v. Wong Commc'ns Ltd. P'ship*, 25 Cal. App. 4th 1811, 1822 (1994)) (emphasis in original).  "Misuse of an administrative proceeding—even one that is quasi-judicial—does not support a claim for abuse of process."  *Id.* (citing *Stolz*, 25 Cal. App. 4th at 1823–25).

Plaintiff nowhere alleges misuse of a judicial process in his FAC.  (*See generally* FAC, ECF No. 16.)  Instead, Plaintiff explains that he presented an administrative claim to the FAA, which was denied.  (*Id.* at ¶ 7.)  While Plaintiff alleges that "[a]t least two of Inspector LANER's immediate FAA supervisors . . . had a Fifth Amendment duty, and a statutory duty under **49 U.S.C. 44709(c)**[,] . . . to provide [Plaintiff] an opportunity to be heard before an independent Administrative or Judicial body before depriving him of his livelihood" (*id.* at ¶ 56 (emphases in original)), the statute cited contemplates an administrative process, *see* 49 U.S.C. § 44709(c) ("Before acting under subsection (b) of this section, the Administrator shall advise the holder of the certificate of the charges or other reasons on which the Administrator relies for the proposed action.  Except in an emergency, the Administrator shall provide the holder an opportunity to answer the charges and be heard why the certificate should not be amended, modified, suspended, or revoked.").  Because Plaintiff has failed to allege a misuse of a judicial process, he has failed to state a claim for abuse of process.

1    Defendants additionally argue that 49 U.S.C. § 44709(c) is not triggered because

2  there was no "order amending, modifying, suspending, or revoking" Plaintiff's airman's

3  certificate.  (MTD Mem. 26–27, ECF No. 17-1.)  Indeed, as of February 2014, Plaintiff

4  still held "an Airline Transport Pilot Certificate, issued by the [FAA]."  (Decl. of Ronald

5  Lewis Martin (Martin Decl.) ¶ 1, FAC Ex. A, ECF No. 16 at 16.)  Accordingly, the Court

6  concludes that 49 U.S.C. § 44709(c) is inapplicable and—to the extent Plaintiff relies upon

7  that statute as the basis for a constitutional due process claim—Plaintiff's first cause of

8  action must be dismissed.

9    In light of the foregoing, the Court **DISMISSES** Plaintiff's first cause of action for

10  failure to state a claim.

11  **IV.    Dismissal With Prejudice**

12    Finally, Defendants argue that Plaintiff's FAC should be dismissed with prejudice

13  "because Martin cannot state a viable cause of action under these facts, and because he has

14  now had three tries (counting his administrative claim with the FAA)."  (MTD Mem. 9,

15  ECF No. 17-1.)  Plaintiff does not specifically oppose this argument.  (*See generally* Opp'n,

16  ECF No. 19.)

17    Generally, a dismissal for lack of subject-matter jurisdiction should be without

18  prejudice because it is not an adjudication on the merits and a plaintiff should be afforded

19  the opportunity to reassert his claims in a competent court.  *See Siler v. Dillingham Ship

20  Repair*, 288 Fed. App'x 400, 401 (9th Cir. 2008) (citing *Freeman v. Oak Unified Sch. Dist.*,

21  179 F.3d 846, 847 (9th Cir. 1999)); *see also Kendall v. Dep't of Veterans Affairs*, 360 Fed.

22  App'x 902, 903 (9th Cir. 2009) (citing *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034,

23  1036 (9th Cir. 2004)).  Similarly, "[i]n dismissing for failure to state a claim, a district court

24  should grant leave to amend even if no request to amend the pleading was made, unless it

25  determines that the pleading could not possibly be cured by the allegation of other facts."

26  *Ebner v. Fresh, Inc.*, 818 F.3d 799, 803 (9th Cir. 2016) (quoting *Doe v. United States*, 58

27  F.3d 494, 497 (9th Cir. 1995)).

28  / / /

16

Because Plaintiff conceded that "the United States should be the only defendant in this matter" (*see* Opp'n 2, ECF No. 19), the Court finds it appropriate to dismiss with prejudice Defendant Laner from this action. With respect to Plaintiff's first cause of action, dismissal with prejudice is inappropriate under Rule 12(b)(1), because Plaintiff may be able to demonstrate that Defendant Laner falls within the investigative or law enforcement officer exception to Section 2680(h). The Court concludes, however, that amendment under Rule 12(b)(6) would be futile. Plaintiff's abuse of process claim cannot possibly be cured by the allegation of other facts because it is clear that there is no misuse of a judicial process, only an administrative one. *See, e.g.*, *Tucker*, 515 F.3d at 1037. Regarding Plaintiff's second cause of action for negligence per se, "the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can [Plaintiff] redraft [his] claims to avoid the exceptions to the FTCA." *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Consequently, the Court finds it appropriate to **DISMISS WITH PREJUDICE** Plaintiff's FAC.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' MTD (ECF No. 17) and **DISMISSES WITH PREJUDICE** Plaintiff's FAC (ECF No. 16). This Order concludes the litigation in this matter. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 31, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge